Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Telephone: (516) 303-0552

United States District Court
Southern District of New York

7:20-cv-07276

| | |
|---|---|
| John Briley, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Sara Lee Frozen Bakery, LLC, | |
| Defendant | |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.     Sara Lee Frozen Bakery, LLC  ("defendant") manufactures, distributes, markets, labels and sells frozen pound cake under its "Sara Lee"  brand ("Product").

2.     The Product is available to consumers from retail and online stores of third-parties and is sold in sizes including 10.75 OZ (304g).

3.     The representations include "All Butter Pound Cake," "No Artificial Flavors," "No Colors From Artificial Sources," "No High Fructose Corn Syrup" and pictures of the Product.



4.      Consumers prefer butter to chemically produced "vegetable" oils when baking for reasons including taste, health and avoidance of highly processed artificial substitutes for butter.

5.      Butter costs more than vegetable oil alternatives, like soybean or canola oil.

6.      Where a food is labeled as "Butter _____" or uses the word "butter" in conjunction with the food name, reasonable consumers will expect all of the shortening ingredient to be butter.[1]

7.      The representations are misleading because butter is not the only shortening ingredient in the Product, as shown by the small print of the ingredient list.

---

[1] Compliance Policy Guide ("CPG"), Sec 505.200, "Butter" Featured in Product Name, Center for Food Safety and Applied Nutrition, Office of Regulatory Affairs, March 1988 ("If the product contains both butter and shortening but a sufficient amount of butter to give a characteristic butter flavor to the product, an appropriate name would be 'butter flavored _____.'").

**INGREDIENTS:** ENRICHED BLEACHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), SUGAR, EGGS, BUTTER (CREAM, SALT), WATER, SOYBEAN OIL, MONO AND DIGLYCERIDES, CONTAINS 2% OR LESS: LEAVENING (BAKING SODA, SODIUM ACID PYROPHOSPHATE, CORN STARCH, MONOCALCIUM PHOSPHATE), MODIFIED CORN STARCH, SALT, SKIM MILK, GUMS (GUAR, XANTHAN), SODIUM STEAROYL LACTYLATE, MILK PROTEIN CONCENTRATE, NATURAL FLAVOR, ANNATTO (COLOR).

8.     Though the Product contains butter, it also contains soybean oil, a shortening ingredient.

9.     The Product also contains annatto, a food coloring which impart a yellowish-hue, as seen by the yellow slices of the Product on the front label.

10.    The use of annatto is permitted in butter, but used in the Product, gives the consumer the impression that the Product contains more butter than it does and only contains butter as its shortening ingredient.

11.    Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiff and consumers.

12.    Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiff.

13.    The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

14.    Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

15.    As a result of the false and misleading labeling, the Product is an sold at a premium price, approximately no less than $3.99 for 10.75 OZ, excluding tax, compared to other similar products represented in a non-misleading way, and higher than the price of the Product if it were represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

16.    Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

17.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

18.    Plaintiff John Briley is a citizen of New York.

19.    Defendant Sara Lee Frozen Bakery, LLC, is a Delaware corporation with a principal place of business in Oakbrook Terrace, Dupage County, Illinois and at least one member of defendant is a citizen of Illinois.

20.    "Minimal diversity" exists because plaintiff John Briley and defendant are citizens of different states.

21.    Upon information and belief, sales of the Product in New York exceed $5 million per year, exclusive of interest and costs.

22.    Venue is proper in this judicial district because a substantial part of the events or

omissions giving rise to the claim occurred in this District, *viz*, the decision of plaintiff to purchase the Product and the misleading representations and/or their recognition as such.

23.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

Parties

24.    Plaintiff is a citizen of Carmel Hamlet, Putnam County, New York.

25.    Defendant Sara Lee Frozen Bakery, LLC is a Delaware limited liability company with a principal place of business in Oakbrook Terrace, Illinois, Dupage County and members who are citizens of states other than New York, such as Illinois.

26.    During the relevant statutes of limitations, plaintiff purchased the Product within his district and/or State for personal and household consumption and/or use in reliance on the representations of the Product.

27.    Plaintiff John Briley purchased the Product on one or more occasions, during the relevant period, at stores including but not necessarily limited to, ShopRite, 184 NY-52, Carmel Hamlet, NY 10512, in or around June 2019.

28.    Plaintiff bought the Product at or exceeding the above-referenced prices because he liked the product for its intended use, expected it to contain only butter as a shortening ingredient due to the product name, coupled with the yellowish color of the food in the label image.

29.    Plaintiff was deceived by and relied upon the Product's deceptive labeling.

30.    Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

31.    The Product was worth less than what Plaintiff paid for it and he would not have paid as much absent Defendant's false and misleading statements and omissions.

32.    Plaintiff intends to, seeks to, and will purchase the Product again when he can do so

with the assurance that Product's labels are consistent with the Product's components.

Class Allegations

33.   The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

34.   Plaintiff will seek class-wide injunctive relief based on Rule 23(b) in addition to monetary relief class.

35.   Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

36.   Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

37.   Plaintiff is an adequate representatives because his interests do not conflict with other members.

38.   No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

39.   Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

40.   Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

41.   Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL"), §§ 349 & 350
(Consumer Protection Statutes)

42.   Plaintiff incorporates by reference all preceding paragraphs.

43.   Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product

type.

44.    Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

45.    Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

46.    Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

47.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

48.    Plaintiff incorporates by reference all preceding paragraphs.

49.    Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

50.    Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

51.    This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

52.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

53.    Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

54.    Plaintiff and class members would not have purchased the Product or paid as much

if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*</u>

55.    Plaintiff incorporates by reference all preceding paragraphs.

56.    The Product was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, quality, compositional and/or environmental which they did not.

57.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

58.    This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

59.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

60.    Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

61.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

62.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

63.    Plaintiff incorporates by reference all preceding paragraphs.

64.    Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

8

65.   Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

66.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

67.   Plaintiff incorporates by reference all preceding paragraphs.

68.   Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6.  Other and further relief as the Court deems just and proper.

Dated:   September 4, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan

Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:20-cv-07276
United States District Court
Southern District of New York

John Briley, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Sara Lee Frozen Bakery, LLC,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
   Tel: (516) 303-0552
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  September 4, 2020

/s/ Spencer Sheehan<br>
Spencer Sheehan